**ROYAL INDEMNITY COMPANY, a body corporate of the State of New York, Appellant,**

v.

**AETNA INSURANCE COMPANY, a body corporate of the State of Connecticut, Appellee.**

No. 9621.

United States Court of Appeals Fourth Circuit.

Argued Nov. 20, 1964.

Decided Nov. 20, 1964.

Richard H. James, Baltimore, Md. (Paul M. Higinbothom, Baltimore, Md., on brief), for appellant.

M. King Hill, Jr., Baltimore, Md. (Smith, Somerville & Case, Baltimore, Md., on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

In resolving this controversy between two automobile liability insurers, the District Court found that the offending automobile was owned by the dealer rather than the bank. The basic agreement between the dealer and the bank, under which the dealer's sales were financed, was ambiguous as to the ownership of repossessed vehicles in the possession of the dealer. The basic agreement was susceptible of the construction that there was a conditional sale to the dealer of each repossessed vehicle delivered to it by the bank, as contended by the bank's insurer. It was also susceptible to the construction that there was a consignment for sale of such vehicles, the contention of the dealer's insurer.

To solve the problem, the District Court appropriately looked to the course of dealing between the parties. He

* Of the Second Circuit, sitting by designation.

found there clear evidence supporting his finding that there had been a conditional sale of the particular vehicle and others similarly handled. The finding, not clearly erroneous, is binding.

Justification of the finding and the legal conclusions flowing from it clearly appear in the District Court's opinion.* We affirm for the reasons stated there.

Affirmed.

* Royal Indemnity Company v. Aetna Insurance Company, D.C., 231 F.Supp. 657.